UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHARLEEN RENEE HERRERA and ALBERT HUERTA,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 20-CV-00395-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

Plaintiffs Sharleen Renee Herrera and Albert Huerta ("Plaintiffs") bring the instant lawsuit against Defendant Ford Motor Company ("Defendant") and Does 1–10 for defects that arose in a 2016 Ford Explorer. Before the Court is Defendant's motion to dismiss. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS in part with leave to amend and DENIES in part Defendant's motion to dismiss.[1]

**I.    BACKGROUND**

---

[1] Defendant's motion to dismiss contains a notice of motion that is separately paginated from the memorandum of points and authorities in support of the motion. *See* ECF No. 13. Civil Local Rule 7-2(b) provides that the notice of motion and the points and authorities in support of the motion must be contained in one document with a combined limit of 25 pages. *See* Civ. Loc. R. 7-2(b).

1

Case No. 20-CV-00395-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

### A. Factual Background

Plaintiffs are residents of California. ECF No. 12 ("FAC") ¶ 4. Defendant is incorporated in Delaware and registered with the California Department of Corporations to conduct business in California. *Id.* ¶ 6. Defendant is engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling motor vehicles and motor vehicle parts in Santa Clara County. *Id.* Defendant manufactured and/or distributed Plaintiffs' 2016 Ford Explorer (the "Subject Vehicle"). *Id.* ¶ 9.

Plaintiffs purchased the Subject Vehicle from Defendant on or about July 2, 2016 in Santa Clara County. *Id.* Plaintiffs received an express written warranty at the time of purchase that included a 3-year/36,000-mile bumper-to-bumper warranty and a 5-year/60,000-mile powertrain warranty covering the engine and transmission. *Id.* ¶ 10. Under this warranty, Defendant undertook to "preserve or maintain the utility or performance of the [Subject] Vehicle or to provide compensation [in the case of] failure in the utility or performance" of the Subject Vehicle for the specified warranty period. *Id.* The warranty provided that if any defects developed during the warranty period, Plaintiffs could deliver the Subject Vehicle to Defendant's repair facility, and the Subject Vehicle would be repaired. *Id.*

Plaintiffs allege that the Subject Vehicle developed roughly 14 defects during the warranty period, two of which Plaintiffs allege were brought to the attention of Defendant's representative on multiple occasions. *Id.* ¶¶ 11–19. Specifically, on or about June 14, 2017, Plaintiffs presented the Subject Vehicle to Defendant's repair facility for an engine oil leak. *Id.* ¶ 13. On or about October 2, 2017, Plaintiffs presented the Subject Vehicle to Defendant's repair facility for battery troubles. *Id.* ¶ 14. On or about December 20, 2017, Plaintiffs presented the Subject Vehicle to Defendant's repair facility for a recall regarding the Subject Vehicle's seat track pivot link bolts, as well as other seat defects. *Id.* ¶ 15. On or about February 9, 2018, Plaintiffs presented the Subject Vehicle to Defendant's repair facility for a recall regarding the Subject Vehicle's carbon monoxide exhaust, as well as concerns about the motor mount and an engine oil leak. *Id.* ¶ 16. On or about October 25, 2018, Plaintiffs presented the Subject Vehicle to Defendant's repair

2

Case No. 20-CV-00395-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

1  facility for seat defects. *Id.* ¶ 17. On or about December 7, 2018, Plaintiffs presented the Subject
2  Vehicle to Defendant's repair facility for an engine oil leak. *Id.* ¶ 18. On or about August 1,
3  2019, Plaintiffs presented the Subject Vehicle to Defendant's repair facility for a recall regarding
4  the Subject Vehicle's rear toe links, as well as concerns about an engine oil leak. *Id.* ¶ 19. On five
5  occasions, Defendant's repair facility indicated to Plaintiffs that the Subject Vehicle had been
6  repaired. *Id.* ¶¶ 14–16, 18–19. Despite these repair efforts, the defects in the Subject Vehicle
7  persisted. *Id.* ¶ 20.

**B. Procedural History**

Plaintiffs filed an initial complaint against Defendant in the District Court for the Northern District of California on January 20, 2020. ECF No. 1. Defendant filed an initial motion to dismiss Plaintiffs' complaint on February 18, 2020. ECF No. 8. Plaintiffs subsequently filed an amended complaint ("FAC") on March 3, 2020.[2] *See* FAC.

The FAC alleges six causes of action: (1) violation of the Song-Beverly Consumer Warranty Act (the "Act"), Cal. Civ. Code § 1793.2(d), for failure to repair the Subject Vehicle in a reasonable number of repair attempts; (2) violation of the Act, Cal. Civ. Code § 1793.2(b), for failure to service the Subject Vehicle within 30 days; (3) violation of the Act, Cal. Civ. Code § 1793.2(a)(3), for failure to make service literature and repair parts available to Defendant's repair facilities; (4) violation of the Act, Cal. Civ. Code § 1794, for breach of express warranty; (5) violation of the Act, Cal. Civ. Code § 1794, for breach of implied warranty of merchantability; and (6) violation of the Magnuson-Moss Warranty Act. *Id.*

On March 17, 2020, Defendant filed a motion to dismiss Plaintiffs' first four causes of action under Federal Rule of Civil Procedure 12(b)(6). ECF No. 13 ("Mot."). Plaintiffs opposed the motion on March 30, 2020, *see* ECF No. 15 ("Opp'n"), and Defendants filed a reply on April

---

[2] Because Plaintiffs filed the FAC, the Court DENIES Defendant's motion to dismiss the initial complaint as moot. *See, e.g.*, *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1102, 1108 (9th Cir. 2015) (finding a defendant's motion to dismiss original complaint moot when the plaintiff had timely filed an amended complaint, as "[i]t is well-established in [the Ninth] circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent'" (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)).

1  7, 2020, *see* ECF No. 16 ("Reply").

## II.  LEGAL STANDARD

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Mere "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 950 (N.D. Cal. 2014) (quoting *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009)).

### B. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (ellipses omitted).  Generally, leave to amend shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## I.  DISCUSSION

United States District Court
Northern District of California

Defendant moves to dismiss Plaintiff's first four causes of action, which are all brought under the Song-Beverly Consumer Warranty Act (the "Act"). The Act was enacted "to address difficulties faced by some consumers in enforcing express warranties . . . for cases in which a purchaser's goods cannot be repaired to meet express warranty standards after a 'reasonable number of attempts.'" *Dagher v. Ford Motor Co.*, 238 Cal. App. 4th 905, 916 (2015) (quoting Cal. Civ. Code § 1793.2(d)(1-2)). To pursue an action under the Act, Plaintiffs must prove that:

> (1) the vehicle had a nonconformity covered by the express warranty that substantially impaired the use, value or safety of the vehicle (*the nonconformity element*); (2) the vehicle was presented to an authorized representative of the manufacturer of the vehicle for repair (*the presentation element*); and (3) the manufacturer or his representative did not repair the nonconformity after a reasonable number of repair attempts (*the failure to repair element*).

*Oregel v. Am. Isuzu Motors, Inc.*, 90 Cal. App. 4th 1094, 1101 (2001) (citing Cal. Civ. Code § 1793.2 and *Ibrahim v. Ford Motor Co.*, 214 Cal. App.3d 878, 886–887 (1989)).

The Court considers whether Plaintiffs have adequately pleaded the first four causes of action in the FAC in turn.

### 1. Plaintiffs Adequately Allege that Defendant Failed to Repair the Subject Vehicle After a Reasonable Number of Opportunities

In the first cause of action, Plaintiffs allege that Defendant violated Cal. Civ. Code § 1793.2(d). Section 1793.2(d) of the Act requires that a vehicle manufacturer replace the vehicle or reimburse the buyer if the manufacturer is unable to repair a defective vehicle to conform to its warranty after a "reasonable number of attempts." Cal. Civ. Code § 1793.2(d)(2). A minimum of two repair attempts is required to be considered a reasonable number of attempts. *See Silvio v. Ford Motor Co.*, 109 Cal. App. 4th 1205, 1208-09 (2003) (holding that a single repair attempt is not sufficient to obtain protection under the Act because the statutory threshold is set at "attempts," plural).

According to Defendant, Plaintiffs' first cause of action fails to state a claim because "the FAC does not identify any particular 'nonconformity' to the express warranty that was presented

5

[to Defendant] two or more times without a successful repair." Mot. at 4; Reply at 1. Defendant is incorrect.

In the instant case, Plaintiffs specifically allege that multiple nonconformities were presented two or more times to Defendant's repair facility without successful repair. FAC ¶¶ 13–19. Indeed, Plaintiffs allege that they presented the Subject Vehicle to Defendant's repair facility with concerns regarding an engine oil leak on or about June 14, 2017, February 9, 2018, December 7, 2018, and August 1, 2019. *Id.* ¶¶ 16, 18–19. Similarly, Plaintiffs allege that they presented the Subject Vehicle to Defendant's repair facility on or about December 20, 2017 and October 25, 2018 for seat defects. *Id.* ¶¶ 15, 17. Plaintiffs allege that the nonconformities persisted notwithstanding these repair attempts. *Id.* ¶ 20.

Plaintiffs need not allege that Defendant attempted to repair each of these nonconformities each time Plaintiffs raised these nonconformities with Defendant. *Oregel*, 90 Cal. App. 4th at 1103–04 ("Whether or not the manufacturer's agents choose to take advantage of the opportunity, or are unable despite that opportunity to isolate and make an effort to repair the problem, are matters for which the consumer is not responsible."). Nonetheless, Plaintiffs also allege that Defendant's repair facility wrongly indicated on three separate occasions that the Subject Vehicle had been repaired when presented with concerns regarding engine oil leaks. FAC ¶¶ 16, 18–19.

In sum, the Court finds that Plaintiffs adequately allege that Defendant failed to repair the Subject Vehicle after being given a reasonable opportunity to do so. Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiffs' first cause of action for failure to state a claim. The Court now proceeds to consider Plaintiffs' second cause of action.

### 2. Plaintiffs Do Not Adequately Allege that Defendant Failed to Service the Subject Vehicle Within Thirty Days

In the second cause of action, Plaintiffs allege that Defendant violated Section 1793.2(b) of the Act, which requires Defendant to service or repair the Subject Vehicle to conform to the applicable warranty within 30 days. Cal. Civ. Code § 1793.2(b). Defendant argues that the second cause of action must be dismissed because "[t]he FAC provides no facts as to which repair

1  allegedly was not 'commenced within a reasonable time' or was not performed within 30 days."
2  Mot. at 6. The Court agrees with Defendant.

3  The Ninth Circuit has held that the Act's 30-day requirement applies per repair facility
4  visit. Thus, in order to state a claim under Section 1793.2(b) of the Act, a plaintiff must plead that
5  a single repair attempt took the defendant more than 30 days to complete. *See Schick v. BMW of*
6  *N. Am., LLC*, 801 F. App'x 519, 521 (9th Cir. 2020) (". . . under any reasonable reading of the
7  statute, § 1793.2(b) requires only that BMW complete any *single* repair attempt within 30 days.");
8  *see Ortega v. BMW of N. Am., LLC*, No. 2:18-CV-06637-R-SK, 2019 WL 9044692, at *4 (C.D.
9  Cal. Oct. 16, 2019) (finding that more than thirty days between repair attempts for the same defect
10 does not violate Section 1793.2(b) of the Act because a manufacturer violates this provision only
11 when a single repair attempt takes more than thirty days to complete); *Houston v. Country Coach,*
12 *Inc.*, No. C 07-00859 HRL, 2008 WL 2783485, at *9 (N.D. Cal. July 17, 2008) (holding that
13 although the plaintiff's vehicle was checked into the manufacturer's repair facility for more than
14 thirty days at one time, manufacturer does not violate Section 1793.2(b) of the Act because
15 "plaintiff frequently retook possession of the coach while it was in the shop, used it for recreation,
16 and then brought it back," indicating that it was not out of service for more than thirty days at a
17 time).

18 Here, Plaintiffs make no allegation that any individual repair attempt was not completed
19 within 30 days. Indeed, although Plaintiffs allege upward of 14 defects and seven individual
20 repair visits to Defendant's repair facility, Plaintiffs do not allege that Defendant's repair facility
21 failed to complete any single repair attempt within 30 days. FAC ¶ 11–19. Moreover,
22 accumulated repair time for the same defect does not trigger protection under subdivision (b) of
23 Section 1793.2 of the Act. *Schick*, 801 F. App'x at 521 (holding that because defendant "never
24 took longer than 30 days to complete any single repair attempt, [the Section 1793.2(b)] claim fails
25 as a matter of law").

26 The Court therefore concludes that Plaintiffs do not adequately plead the second cause of
27 action, violation of Section 1793.2(b) of the Act. However, the Court finds that granting Plaintiffs
28

7
Case No. 20-CV-00395-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

leave to amend is not futile and would not cause undue delay or unduly prejudice Defendant. *Leadsinger*, 512 F.3d at 532. The Court also finds that Plaintiffs have not acted in bad faith. *Id*. Accordingly, the Court GRANTS with leave to amend the motion to dismiss Plaintiffs' second cause of action for failure to state a claim. The Court now proceeds to consider Plaintiffs' third cause of action.

### 3. Plaintiffs Do Not Adequately Allege that Defendant Failed to Make Available Sufficient Service Literature and Replacement Parts to Its Repair Facilities

In the third cause of action, Plaintiffs allege that Defendant violated Section 1793(a)(3) of the Act, which requires Defendant to "make available to authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period." Cal. Civ. Code § 1793.2(a)(3). According to Defendant, the third cause of action must be dismissed because Plaintiffs fail to plead any particularized facts in support of the alleged violation. Mot. at 6. The Court agrees with Defendant.

Although Plaintiffs need not provide evidence at the pleading stage, they must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Further, the Court cannot "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Here, Plaintiffs provide no details regarding Defendant's alleged failure to provide the necessary service literature and replacement parts to Defendant's repair facilities. Plaintiffs simply repeat the applicable statutory language and allege that "Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period." FAC ¶ 36. Mere "conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

Therefore, the Court finds that Plaintiffs do not adequately plead the third cause of action, violation of Section 1793.2(a)(3) of the Act. However, the Court finds that granting Plaintiffs

leave to amend is not futile and would not cause undue delay or unduly prejudice Defendant. *Leadsinger*, 512 F.3d at 532.  The Court also finds that Plaintiffs have not acted in bad faith.  *Id*. Accordingly, the Court GRANTS with leave to amend the motion to dismiss Plaintiffs' third cause of action for failure to state a claim.  The Court now turns to Plaintiffs' fourth cause of action.

### 4. Plaintiffs Adequately Allege that Defendant Willfully Breached an Express Warranty Under the Song-Beverly Consumer Warranty Act

Plaintiffs' fourth cause of action is a claim that Defendant breached an express written warranty under the Act.  Further, Plaintiffs allege that Defendant's conduct was "willful" as to the fourth cause of action, which may entitle Plaintiffs to additional civil penalties under Section 1794(c) of the Act.  First, the Court considers whether the Plaintiffs adequately state a claim under breach of express warranty.  Second, the Court turns to whether the Plaintiffs adequately allege willful conduct on the part of the Defendant.

#### a. Plaintiffs Adequately Allege Breach of Express Written Warranty

Plaintiffs' fourth cause of action alleges that Defendant breached the terms of an express written warranty.  Defendant argues that Plaintiffs do not adequately allege a breach of express written warranty because the FAC in fact refers to two warranties: a 3-year/36,000-mile bumper-to-bumper warranty *and* a 5-year/60,000-mile powertrain warranty.  Reply at 5.  Defendant argues that the FAC does not specify which warranty was breached, where it was breached, or the mileage at the time of breach.  *Id.*  Defendant's arguments are unpersuasive.

The "elements of a breach of express warranty claim under the [Act]" are fulfilled when the following conditions are met: (1) the plaintiff bought a new motor vehicle from defendant; (2) the defendant gave the plaintiff a written warranty; (3) the vehicle had a defect covered by the warranty that substantially impaired the vehicle's use, value, or safety to a reasonable buyer in the plaintiff's situation; (4) the defendant or its authorized repair facility failed to repair the vehicle to match the written warranty after a reasonable number of opportunities to do so; and (5) the defendant failed to promptly replace or repurchase the vehicle.  Opp'n at 6 n.2 (quoting CACI No. VF-3203 Breach of Express Warranty-New Motor Vehicle-Civil Penalty Sought).  Plaintiffs meet

9
Case No. 20-CV-00395-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

these requirements when they allege that they received an express written warranty from Defendant that included *both* a 3-year/36,000-mile bumper-to-bumper warranty *and* a 5-year/60,000-mile powertrain warranty. FAC ¶ 10. Plaintiffs allege in detail how and when this express written warranty was breached by Defendant's repair facility on seven different occasions. *Id.* ¶¶ 13–19. Plaintiffs further allege specific dates of repair attempts and specific defects presented to Defendant's repair facility at each repair attempt. *Id.* Plaintiffs allege that Defendant breached the terms of the written warranty on each occasion when Defendant failed to fix the defects, which Plaintiffs further allege substantially impaired the use, value, and safety of the Subject Vehicle. *Id.* ¶ 11.

Defendant also argues that it cannot "reasonably respond" to Plaintiffs' claim without knowing the identity of the representative who attempted to repair the Subject Vehicle. Mot. at 7. Defendant is incorrect. Under the Act, the manufacturer and its in-state representatives are treated as a "single entity." *Ibrahim*, 214 Cal. App. 3d at 889. Accordingly, Plaintiffs need not identify the precise representative who attempted to repair the Subject Vehicle. *See Hernandez v. Aurora Loan Servs., LLC*, No. CV 11-00607 AHM OPX, 2011 WL 6178881, at *6 (C.D. Cal. Dec. 13, 2011) (finding that when a defendant is a large corporate entity, the defendant's representatives need not be named even to meet the heightened pleading standard of Rule 9(c)). Therefore, Plaintiffs adequately allege breach of express written warranty under the Act. The Court now turns to Plaintiffs' allegation that Defendant's conduct was willful.

### b. Plaintiffs Adequately Allege Willful Conduct by Defendant

Plaintiffs allege that Defendant's conduct in connection with the fourth cause of action was "willful," and Plaintiffs therefore claim additional civil penalties under Section 1794(c) of the Act. FAC ¶ 41. Defendant argues that Plaintiffs do not adequately allege willful conduct with enough specificity. Mot. at 7; Reply at 5. Defendant's argument is unpersuasive.

Willfulness does not "require a showing of malice or wrongdoing towards the other party . . . . [Instead, it] requires a showing that defendant knew of its obligations under Song-Beverly but declined to fulfill them." *Jensen v. BMW of North America, LLC*, 328 F.R.D. 557, 562 (C.D.

Cal. 2019). Because the Act requires manufacturers to upkeep service and repair facilities in California, it follows that "the manufacturer is capable of knowing every failed repair attempt by reading its dealers' service records." *Krotin v. Porsche Cars N. Am., Inc.*, 38 Cal. App. 4th 294, 303 (1995). Here, Plaintiffs allege that Defendant was aware of its obligation to repair the Subject Vehicle's defects, FAC ¶ 41, and that Defendant failed to do so many times, *id.* ¶¶ 11–19. Indeed, Plaintiffs allege that Plaintiffs brought the Subject Vehicle to Defendant's repair facility on at least seven occasions and presented roughly 14 defects. *Id.* Further, Plaintiffs allege that Defendant indicated on five occasions that the Subject Vehicle had been repaired despite the fact that Plaintiffs returned to Defendant's repair facility many times because the defects in the Subject Vehicle persisted. *Id.* ¶¶ 14–16, 18–19. In light of these alleged repeated failures, Plaintiffs adequately plead that Defendant was aware or should have been aware of the express warranty violations and that Defendant nonetheless declined to fulfill its obligations under the warranty. *See Robinson v. Kia Motors Am., Inc.*, No. 2:10-CV-03187-MCE, 2011 WL 1459016, at *5 (E.D. Cal. Apr. 15, 2011) (finding that the plaintiffs' claim for civil penalties dependent on the defendant's willful conduct under Cal. Civ. Code § 1794(c) raises triable issues of fact because the defendant was on notice of the plaintiffs' multiple repair attempts).

Thus, the Court finds that Plaintiffs adequately allege breach of express written warranty and willful conduct under the Act. Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiffs' fourth cause of action for failure to state a claim.

## II. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS in part with leave to amend and DENIES in part Defendant's motion to dismiss as follows:

(1) The Court DENIES Defendant's motion to dismiss the first cause of action, violation of Cal. Civ. Code § 1793.2(d) for failure to repair Subject Vehicle in a reasonable number of repair attempts;

(2) the Court GRANTS with leave to amend Defendant's motion to dismiss the second cause of action, violation of Cal. Civ. Code § 1793.2(b) for failure to service Subject Vehicle within 30 days;

(3) the Court GRANTS with leave to amend Defendant's motion to dismiss the third cause of action, violation of Cal. Civ. Code § 1793.2(a)(3) for failure to make service literature and repair parts available to Defendant's repair facilities;

(4) the Court DENIES Defendant's motion to dismiss the fourth cause of action, violation of Cal. Civ. Code § 1794 for breach of express warranty.

Should Plaintiffs choose to file an amended complaint, Plaintiffs must do so within 30 days of the instant Order. Failure to file an amended complaint within 30 days or to cure the deficiencies identified herein or in Defendant's motion to dismiss will result in dismissal of the deficient claims with prejudice. Plaintiffs may not add new parties or claims without leave of Court or a stipulation by the parties.

**IT IS SO ORDERED.**

Dated: June 24, 2020

_____
LUCY H. KOH
United States District Judge